UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LEONARD FONTENOT** | : | **DOCKET NO. 2:21-cv-4362**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a complaint [doc. 1] filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by Leonard Fontenot, who is proceeding *pro se* and *in forma pauperis* in this matter. Plaintiff is a resident of Lake Charles, Calcasieu Parish, Louisiana, located in the Western District of Louisiana. His claims arise out of his incarceration at the Federal Correctional Institute – Fairton ("FCI-Fairton"), located in Bridgeton, New Jersey.

**I.**
**BACKGROUND**

Plaintiff filed the instant suit alleging personal injury as a result of the negligent and wrongful acts and omissions of the FCI-Fairton employees who were responsible for his health care needs. On April 14, 2022, plaintiff was ordered to amend his complaint to provide evidence of exhaustion under the FTCA. Doc. 6. On May 12, 2022, Fontenot filed a response to this Court's Order, attaching copies of the Administrative Remedy Procedure forms in relation to his claims. Doc. 7. However, he has provided no proof of exhaustion under the FTCA. While Fontenot may be able to proceed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), venue is not proper in the Western District of Louisiana.

## II.
## LAW & ANALYSIS

Fontenot's only allegations against the United States is that officials at FCI-Fairton "failed to adhere to the prevailing professional standard of care which is generally recognized as acceptable and appropriate by reasonably prudent similar health care provider." Accepting Fontenot's factual allegations as true, any potential claims against the United States or prison officials occurred while he was incarcerated at FCI-Fairton, in Bridgeton, New Jersey.

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought. 28 U.S.C.A. § § 1404, 1406 (West 1993). Section 1404 provides, in pertinent part: For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a)(West 1993). A case may be transferred upon a motion or *sua sponte. Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). The district court has broad discretion in deciding whether to order a transfer. *Id*.

## III.
## CONCLUSION

For the reasons stated above, this matter, which arose in Bridgeton, New Jersey, located in the judicial district of the United States District Court, District of New Jersey, should be transferred to the United States District Court, District of New Jersey.

Accordingly,

**IT IS ORDERED** that the instant matter be transferred to the United States District Court for the District of New Jersey.

THUS DONE AND SIGNED in Chambers this 21st day of August, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE